FILED

NOV 25 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUDELIA FLORENTINA CARRANZA, | No. 06-71257 |
| Petitioner, | |
| v. | Agency No. A095-446-933 |
| | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2009 [**]
Pasadena, California

Before: PREGERSON, REINHARDT and WARDLAW, Circuit Judges.

Gudelia Florentina Carranza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") February 15, 2006, denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her "motion to reconsider." We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Carranza argues that the Immigration Judge (IJ) erred in finding her ineligible for cancellation of removal. However, she appealed only the BIA's denial of her motion to reconsider. Therefore, we do not have jurisdiction to consider her arguments with respect to the BIA's initial decision regarding ineligibility.

The BIA denied Carranza's motion to reconsider on the basis that the motion was untimely. In her brief before this court, Carranza does not challenge that timeliness finding, and has therefore forfeited the issue. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). Because the propriety of the BIA's dismissal on the basis of timeliness was the only issue to be reviewed, we must deny the petition. We note, however, that we see no merit to the underlying motion in any event.

Despite our conclusion, we agree with the sentiments expressed in the dissent. This is an unfortunate outcome in a sympathetic case. To remove a single mother of three who has lawfully lived and worked in the United States for two decades, despite the family upheaval and separation that it will entail, *is* "unconscionable," *see* Dissent at 2; that this pro se petitioner has been unable to

2

obtain review of the BIA's decision to deny relief because of procedural errors is also unfair. However, the result we reach is dictated by existing law and does not, as a matter of law, violate the Due Process Clause. *See* Dissent at 2.

**DENIED.**

Carranza v. Holder, No. 06-71257, *Pregerson, J., Dissenting*:

I dissent. In this case, a procedural rule is used against a forty-eight-year-old immigrant woman, who, without counsel, filed a motion with the BIA to reconsider the denial of her cancellation of removal claim. Although Carranza was filing *pro se*, she managed to file her motion to reconsider only eleven days after the deadline. Because she filed this motion late, the BIA denied as untimely the motion to reconsider her case.

In 2002, Carranza filed an asylum application. Her application does not reflect that she had any assistance filing this claim but it was likely filed by a notario[1] of some kind. These individuals encourage undocumented immigrants to file asylum applications and collect fees for the "assistance" they render with the application. Carranza's application does not include anything that might support an asylum claim. After her asylum office interview, Carranza was referred to

---

[1] Our case law recognizes the problem of notarios operating within the undocumented immigrant community. *See, e.g.*, *Morales Apolinar v. Mukasey*, 514 F.3d 893, 897 (9th Cir. 2008) ("All too often, vulnerable immigrants are preyed upon by unlicensed notarios and unscrupulous appearance attorneys who extract heavy fees in exchange for false promises and shoddy, ineffective representation. Despite widespread awareness of these abhorrent practices, the lamentable exploitation of the immigrant population continues. . . ."); *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, n.4 (9th Cir., 2007) ("The immigration system in this country is plagued with 'notarios' who prey on uneducated immigrants.").

-1-

immigration court where she withdrew her asylum application and applied for cancellation of removal. Although Carranza had counsel in immigration court, she made a *pro se* appeal to the BIA and to this court.

Carranza entered the United States when she was approximately twenty-seven-years-old. She is now forty-eight-years-old. She is the single mother of three children and her youngest child is a United States citizen. Carranza has paid her taxes since 1990. She is a productive and hard-working member of our society.

When a parent is denied cancellation of removal, the government effectively deports the parent's United States-born children. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See*, *e.g.*, *Moore v. City of E. Cleveland*, 431 U.S. 494, 503-05 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Because Carranza will be separated from her U.S. citizen son, I cannot agree

with the result in this case.